NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ROSANN DELSO,                                   :
                                                :
    Plaintiff,                              :
                                                :
v.                                              :    Civil No. 04-3009 (AET)
                                                :
TRUSTEES OF THE RETIREMENT           :    **OPINION & ORDER**
PLAN FOR THE HOURLY EMPLOYEES        :
OF MERCK & CO., INC.                 :
                                                :
    Defendant.                              :
_____:

THOMPSON, U.S.D.J.

INTRODUCTION

This matter is before the Court on pro se Plaintiff Rosann Delso's appeal from the Magistrate Judge's Order of August 18, 2006 (the "August 18 Order") denying Plaintiff's informal motion to compel discovery. The Court has decided this appeal pursuant to Fed. R. Civ. P. 72(a) after consideration of the parties' written submissions. For the reasons stated below, the Court will reverse the August 18 Order and remand, granting limited discovery consistent with this opinion.

DISCUSSION

A.    Standard of Review of a Magistrate Decision

In non-dispositive pretrial matters, a district court may only "reconsider [a] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). See also Fed. R. Civ. P. 72(a) ("The district judge . . . shall

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1005 n.2 (3d Cir. 1987). A magistrate judge's ruling is clearly erroneous "when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." S. Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993). A magistrate judge's ruling is contrary to law if her order "misinterpreted or misapplied applicable law." Cataldo v. Moses, 361 F. Supp. 2d 420, 424 (D.N.J. 2004). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994).

B.   The August 18 Order

In the August 18 Order, the Magistrate Judge found (1) discovery should be reviewed under an unmodified arbitrary and capricious standard because Plaintiff had failed to provide sufficient tangible evidence to demonstrate that a "structural relationship had tainted the review process"; (2) that Plaintiff's "attempts to show a tainting of the review process with the affidavit of a former member of the Hourly Pension Committee" failed to "rise to the level of tangible evidence necessary to require the application of a heightened standard"; and (3) that, as a result, discovery branching beyond the "evidence that was before the administrator when he made the decision being reviewed" would not be permitted. Plaintiff argues that this decision was clearly erroneous and that the Magistrate Judge should have required Defendant to produce information relevant "to demonstrate inconsistent decision making" by the Defendant.

C.      Standard of Review under ERISA

A challenge to an ERISA plan administrator's interpretation of a plan is to be reviewed under a de novo standard unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Where a plan gives the administrator such discretionary authority, the administrator's interpretation is reviewed under an "arbitrary and capricious" standard of review and "will not be disturbed if reasonable." Mitchell v. Eastman Kodak Co., 113 F.3d 433, 437 (3d Cir. 1997) (quoting Firestone, 489 U.S. at 115).  The Supreme Court has stated, however, "[o]f course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" Firestone, 489 U.S. at 115 (citations omitted).  The Third Circuit, abiding by this dictate, has ruled that when there is evidence of a plan administrator's conflict, her decisions should be reviewed under a "heightened arbitrary and capricious" standard, where "the greater the evidence of conflict on the part of the administrator, the less deferential [the] abuse of discretion standard [becomes]." Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 390-93 (3d Cir. 2000).

      1.      Evidence Beyond the Administrative Record Must, at Times, be Allowed to Prove a Conflict Exists

Generally in ERISA cases, judicial review of benefits decisions is "based on the record available to the plan administrator in making its own decision." Kosiba v. Merck & Co., 384 F.3d 58, 69 (3d Cir. 2004).  However, numerous cases, including several Third Circuit opinions, have stated that Plaintiff's use of evidence beyond the administrative record is appropriate to

prove a "conflict of interest, bias, or a pattern of inconsistent benefit decisions." See Otto v. W. Pa. Teamsters and Employers Pension Fund, 127 Fed. App'x 17, 21 n.7 (3d Cir. 2005) (stating "[e]vidence beyond the administrative record may in certain circumstances be relevant and admissible as to issues . . . such as trustee conflict of interest, bias, or a pattern of inconsistent benefit decisions"); Kosiba, 384 F.3d at 67 n.5 (stating that when a court decides "what standard of review to employ-arbitrary-and-capricious review, or some higher standard under *Pinto* -it may consider evidence of potential biases and conflicts of interest *that is not found in the administrator's record*") (emphasis added); Vega v. Nat'l Life Ins. Serv., 188 F.3d 287, 299 (5th Cir. 1999) (stating "[o]nce the administrative record has been determined, the district court may not stray from it *except for certain limited exceptions* . . . [such as] *evidence related to how an administrator has interpreted terms of the plan in other instances*") (emphasis added); O'Malley v. Sun Life Ins. Co. of Am., No. 04-5540, 2006 WL 182099, at *7 (D.N.J. Jan. 23, 2006) (stating "this Court may consider evidence [beyond the administrative record] of a pattern of inconsistent benefit decisions by Defendant . . ."). Allowing this evidence is a logical necessity, as it would be the extremely rare case where an administrator would keep evidence of her conflicts within the administrative record. Therefore, where the presence of a conflict of interest, bias, or inconsistent decision making is at issue, a Plaintiff must be allowed discovery to acquire such information.

      2.      The Dangers of Broad Discovery in ERISA Cases

Countervailing forces exist, in ERISA cases, between the need to allow plaintiffs discovery to prove bias and the need to limit discovery to prevent a costly, inefficient, and drawn-out dispute. Courts can not simply grant a plaintiff's discovery request where she has a

groundless hope of finding some proof of bias after a long and costly search.  Such a policy would "seriously impair[]" "ERISA's goal of providing plan participants and beneficiaries an expeditious and inexpensive method of resolving their disputes . . ." O'Sullivan v. Metro. Life Ins. Co., 114 F. Supp. 2d 303, 309 (D.N.J. 2000) (citing Perry v. Simplicity Eng'g., 900 F.2d 963, 967 (6th Cir.1990)).  Well-placed efficiency concerns have even caused courts, at times, to completely deny discovery beyond the administrative record.  Semien v. Life Ins. Co. of N. Am., 436 F.3d 805, 816 (7th Cir. 2006) (denying plaintiff discovery when "no prima facie evidence of misconduct or conflict of interest [was presented, and] the district court lacked good cause to believe that further discovery would reveal misdeeds" by the plan).  Nonetheless, in the Third Circuit, it is established there will be times when a court, in "decid[ing] what standard of review to employ," must examine "evidence of potential biases and conflicts of interest," that comes from discovery of information "*not found in the administrator's record*."  Kosiba, 384 F.3d at 67 n.5 (emphasis added).

      3.    When to Allow Discovery

Thus, courts face a challenge of how to balance a plaintiff's need for discovery against the Congressional policy of efficient ERISA resolutions.  The solution developed by courts has been to allow discovery when a plaintiff presents a good faith basis for alleging some bias or that a conflict infected the administrator's determination.  Semien, 436 F.3d at 813-14 (stating when a "claimant demonstrates a good faith basis to believe that limited discovery will produce" a "showing of misconduct or bias" the district court should award limited discovery) (citing Van Bosel v. Journal Co. Employees Pension Trust, 836 F.2d 1048, 1053 (7th Cir. 1987)).  If a plaintiff establishes a reasonable suspicion of misconduct, then courts should allow discovery

requests reasonably likely to either confirm or disconfirm the presence of bias. See Fed. R. Civ. P. 26(b)(1) (stating [p]arties may obtain discovery regarding any matter . . . that is relevant to the claim . . . ; [r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence). By requiring that a plaintiff (1) have a good faith basis for alleging bias; and (2) make a discovery request reasonably likely to produce relevant information, courts create the necessary discovery safeguards to accommodate a proper assessment of the presence of a conflict while addressing the concern that ERISA litigation not be protracted, costly, or inefficient.

D. The Magistrate's Order

Here, the Magistrate Judge ruled that additional discovery was not warranted. Prior to ruling on the discovery dispute, the Magistrate Judge "determined that the unmodified arbitrary and capricious standard of review was the applicable standard." She held that Plaintiff's allegations and the affidavit of Guy Fleming, the President of PACE Local, and Member of the Hourly Pension Committee at Merck ("Fleming Affidavit"), stating the Plan had approved similar claims in the past, failed to be sufficient "tangible evidence necessary to require the application of the heightened standard." She denied Plaintiff's request to extend discovery beyond the administrative record, finding it was "not justified" under the unmodified arbitrary and capricious standard.

It is unclear whether there was a conflation of the standards of granting discovery with the standard of reviewing an administrator's decision-making in ERISA cases. The August 18 Order states:

"The District Court first seeks clarification of which standard of review this

> Court applied to Plaintiff's underlying discovery request . . . . [T]his Court finds that an unmodified arbitrary and capricious standard of review is to be applied to Plaintiff's underlying motion [to compel discovery], additional discovery that branches beyond the 'evidence that was before the administrator when he made the decision being reviewed' is not permitted." (citations omitted).

The prohibition against review of evidence outside the record under an unmodified arbitrary and capricious standard of review, is not a justification for denying discovery beyond that record *ab initio*. Rather, a court must first assess whether a plaintiff has a good faith basis for alleging some conflict or bias, and then determine whether discovery would aid in evaluating the alleged bias. If the Court determines there is no good faith basis for the allegation, then discovery should be denied. If such a basis exists, discovery should be granted. Post-discovery, if the record is insufficient to find that bias or conflict existed, then the court will review the administrative decision under an unmodified arbitrary and capricious standard, discounting evidence outside the record as inadmissible.

Because evidence outside the record may, in the end, be inadmissible, this does not dispose of a discovery request. See Fed. R. Civ. P. 26(b)(1) (stating [p]arties may obtain discovery regarding any matter . . . that is relevant to the claim . . . *[r]elevant information need not be admissible at trial* if the discovery appears reasonably calculated to lead to the discovery of admissible evidence) (emphasis added). If Plaintiff has a good faith basis to allege the presence of bias, then a request by Plaintiff to further investigate that bias may be granted, so long as it is calculated to lead to the discovery of admissible evidence.

Here, the Fleming Affidavit raises the question of whether the administrative review was tainted by "potential biases and conflicts of interest" or "a pattern of inconsistent benefit

decisions." Kosiba, 384 F.3d at 67 n.5; Otto, 127 Fed. App'x at 21 n.7. The Fleming Affidavit identifies at least one instance where a person similarly situated to Plaintiff was awarded benefits. An email by Dottie Miller, President of Merck Independent Union, and voting member of the committee that denied Plaintiff's benefits (the "Miller Email"), corroborates the Fleming Affidavit, stating that the committee "previously voted to allow a settlement, in the case where the paperwork 'disappeared.'" It goes on to say that "[m]y greatest fear is that by voting to approve this retirement we will open up a can of worms that we can never close again." The Miller email also raises the question of whether there exists a bias against Plaintiff based on her local union representative. The Miller email states that "[e]very case in recent history which has crossed the committee that has been an issue has been from Rahway"– Plaintiff's husband's prior place of work. Further, it states "it appears that once again, this committee is expected to 'bail out' the Rahway local . . . ." At this stage, it is premature to decide what level of review to apply to the administrator's decision, but, the Fleming Affidavit and the Miller email establish at least the potential that Plaintiff was subject to bias or, inconsistent decision making. The Court is concerned that the Magistrate Judge applied the wrong standard, and recommends limited discovery to substantiate the allegation of bias.

However, this Court affirms the Magistrate Judge's denial of several of Plaintiff's broad discovery requests. Plaintiff's request to discover the committees' minutes over the past twenty plus years amounts to a costly waste, unreasonably calculated to produce admissible evidence, and out-of-step with Congressional intent for ERISA disputes. The Court hereby remands Plaintiff's motion to compel discovery to the Magistrate Judge for her to set reasonable parameters of discovery, allowing Plaintiff a reasonable investigation into the issue of potential

bias, conflict and inconsistent decision-making by the Committee.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 20th day of October 2006,

ORDERED that Plaintiff's appeal from the Magistrate Judge's Order of August 18, 2006 [43] is REMANDED to the Magistrate Judge to award limited discovery consistent with this Opinion and Order.

                                                               s/Anne E. Thompson
                                                      ANNE E. THOMPSON, U.S.D.J.