UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSANN DELSO, | Civil Action No. 04-3009 (AET) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| TRUSTEES OF THE RETIREMENT PLAN OF MERCK & CO., INC. | |
| Defendant. | |

This matter having been opened to the Court upon a Motion for Reconsideration [Docket Entry No.62] of the Court's March 6, 2007 Opinion and Order (hereinafter "March 6, 2007 Opinion"), granting in part and denying in part Defendant's Motion to Disqualify Richard E. Shapiro, Esq., from representing Plaintiff in this matter; and Plaintiff requesting reconsideration of the portions of the March 6, 2007 Opinion finding Richard E. Shapiro, Esq., in violation of Rule of Professional Conduct 3.3 and the spirit of Rule 11 (Moving Brief at 1); and Plaintiff asserting that reconsideration should be granted because "these issues were not raised as grounds for disqualification of [Shapiro] in Defendant's original motion" (Id.); and Plaintiff further asserting that the issues of "ghostwriting" were not raised until Defendant filed its reply brief, and therefore should not have been entertained by the Court (Id.); and Plaintiff further asserting that "the cases finding ghostwriting to be a violation of the duty of candor involve undisclosed assistance or the assistance of counsel with an unseen hand" (Id.); and the Plaintiff arguing that Shapiro's assistance to Delso was disclosed and readily apparent to the Court as of November 3, 2005 (Id.); and Plaintiff further asserting that Shapiro and Delso reasonably believed that the assistance has been disclosed and that there was no legal or ethical problem with the type of assistance Shapiro was providing; and Plaintiff further asserting that there is no national, New Jersey or Third Circuit rule or standard addressing

such assistance or prohibiting such assistance (Id. at 2); and Plaintiff further noting that in the absence of any directive by the Court or request from Defendant's counsel regarding the applicability of Rule 11 after Delso disclosed Shapiro's assistance, they believed there was not violation of "the letter or spirit of Rule 11" (Id.); and Defendant having submitted a letter to the Court noting that it does not oppose Plaintiff's Motion for Reconsideration (Defendant's March 27, 2007 Letter [Docket Entry No. 63]); but Defendant noting "to the extent that [Shapiro] asserts the [Defendant's] arguments concerning ghost writing set forth in its reply papers should not have been considered, [Defendant] respectfully submits that its arguments were appropriate" (Id.); and Plaintiff having filed a reply brief, stating that Defendant's characterization of Shapiro's assistance of Delso in this matter was absolutely incorrect (Reply Brief at 1); and Plaintiff asserting that "the Court should not have addressed any issue raised for the first time in Defendant's reply brief, let alone a novel issue of first impression in this Circuit" (Id. at 2-3); and Plaintiff asserting that Defendant did not discuss ghostwriting at all in its moving brief (Id. at 3); and Plaintiff further asserting that "[e]thical breaches of the duty of candor and violations of Rule 11 are serious matters that should not have been considered at all by the Court" when the Defendant did not discuss these issues in its Moving Brief (Id.); and Plaintiff further asserting that "the resolution of the complex and difficult issue of "ghostwriting" should await an appropriate case when the matter is properly raised int eh course of the proceedings" (Id.); and the Court finding that the standard for reconsideration itself is high and reconsideration is to be granted only sparingly (United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994)); and the Court further finding that in the District of New Jersey, motions for reconsideration are governed by L.Civ.R. 7.1(I); and the Court finding that the movant has the burden of

2

demonstrating that there has been "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice" (Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citation omitted)); and the Court finding that reconsideration is to be granted only if the Court has overlooked certain factual matters or controlling decisions of law that may have resulted in a different decision (L.Civ.R. 7.1(i))(See also United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999)); and the Court further finding that reconsideration is an extraordinary remedy to be granted sparingly and is not appropriate where the motion only raises a party's disagreement with the original decision (P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001))(See also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612-613 (D.N.J. 2001)); and the Court noting that, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple"(Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J.1998) (citation omitted)); and the Court finding that Plaintiff has moved for reconsideration on three specific points, to wit, the Court's finding that (1) Shapiro's actions were in violation of RPC 3.3 (Duty of Candor), (2) Shapiro's actions were in violation of the spirit of Rule 11, and (3) that it was improper for the Court to consider ghostwriting as it was not raised until Defendant's Reply Brief; and the Court finding that Plaintiff has not raised any factual matters overlooked by the Court or controlling decisions of law regarding the Court's finding that Shapiro violated RPC 3.3; and the Court noting Plaintiff states that Shapiro has certified that he is unaware of any prohibition on the assistance that he provided to Plaintiff; and the Court noting that Plaintiff also asserts that Shapiro reasonably believed that he had

3

fulfilled any disclosure obligations under the RPC; but the Court finding that It acknowledged this belief in Its March 6, 2007 Opinion; and the Court finding that in the March 6, 2007 Opinion, It repeatedly stated that Shapiro had good intentions and that his violations were not willful; and the Court further finding that It adequately made factual findings and stated the law and properly found Shapiro in violation of RPC 3.3, specifically regarding the drafting or research related to Delso's Cross Motion for Summary Judgment (See March 6, 2007 Opinion at 30); and the Court further finding that Plaintiff has failed to adequately show the need to correct a clear error of fact or law; and the Court finding that Plaintiff has merely raised disagreement with the Court's prior ruling; and the Court finding that It adequately described the factual and legal basis for determining that Shapiro's assistance of Delso violated the spirit of Rule 11; and Plaintiff asserting that other Court's will require a ghostwriting attorney to sign pleadings or submissions that he or she has drafted (Moving Brief at 11 (citing Duran v. Carris, 238 F.2d 1268, 1273 (2001)); and Plaintiff further asserting that Shapiro was never advised by the Court to sign these pleadings although the Court was aware of his involvement (Moving Brief at 12); but the Court finding that Plaintiff's factual basis for moving for reconsideration of the Court's prior ruling is flawed; and the Court finding that Delso had made numerous submissions during September and October 2005, which were drafted with Shapiro's assistance and signed by Delso; and the Court further finding that It was only made aware of Shapiro's assistance of Delso in November 2005; and thus the Court having reasoned in its March 6, 2007 Opinion that Shapiro violated the spirit of Rule 11; and the Court finding that Plaintiff presently only articulates disagreement with the Court's prior ruling; and the Court further finding that Plaintiff has not made any arguments that meet the high threshold required for granting a Motion

for Reconsideration; and the Court noting that Plaintiff makes a lengthy argument that the Court improperly considered the issue of ghostwriting; and Plaintiff arguing that ghostwriting was first raised in Defendant's Reply Brief; but the Court finding that Shapiro and Delso's Oppositions to Defendant's Motion to Disqualify both contained arguments regarding Shapiro's "informal assistance" of Delso (See Docket Entry Nos. 52 and 53); and the Court finding that the March 6, 2007 Opinion and Order outlined that Shapiro's informal assistance of Delso was equivalent to ghostwriting and fell under the rubric of unbundled legal services; and the Court further finding that whether the parties or Court characterized Shapiro's involvement as "informal assistance" or "ghostwriting" is one in the same; and the Court further finding that Defendant's Moving Brief in Support of its Motion to Disqualify also mentioned the unique situation presented due to Shapiro's assistance of Delso (See Docket Entry No. 42-2 at 4 ("[Defendant] in an odd predicament of seeking to disqualify an attorney who has not been formally retained [but] has admittedly been providing substantial legal assistance to Delso")); and the Court noting that Plaintiff failed to file a Motion to Strike or for a *sur reply* brief after receiving Defendant's Reply Brief; and the Court finding that Plaintiff has failed to adequately articulate any factor that would make reconsideration of the Court's March 6, 2007 Opinion appropriate; and the Court finding that Plaintiff's Motion has merely raised disagreement with the Court's prior ruling; and this matter having been heard pursuant to Fed.R.Civ.P. 78; and for good cause shown,

    IT IS on this 18th day of June, 2007,

    ORDERED that Plaintiff's Motion for Reconsideration is DENIED; and it is further

ORDERED that the parties meet and confer and submit a joint proposed discovery schedule to the Court no later than **June 29, 2007**; and it is further

ORDERED that a telephone conference shall be held with the Court on **August 16, 2007 at 3:30 P.M.**, Counsel for Plaintiff to initiate; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 62] accordingly.

   s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**